## The Baltimore and Ohio Railroad Company

### *v.*

## William M. Stanley, Admr.

*Filed at Ottawa October 11, 1895.*

1. APPEALS AND ERRORS—*when finding of jury and appellate court is conclusive.* The finding of the jury and the appellate court that one for whose death action is brought against a railroad company was struck by the train on a public crossing, and not on the company's private grounds, is conclusive, on appeal.

2. TRIAL—*when verdict may be directed for the defendant.* It is only when the evidence, with all the inferences that could justifiably be drawn from it, is so insufficient that a verdict for plaintiff, if returned, should be set aside, that the court may direct a verdict for defendant.

3. SAME—*instruction concerning willful injury—declaration—variance.* Where the declaration is for a negligent killing at a certain named *public crossing,* instructions that if deceased, when struck, was a trespasser at a place other than the crossing the railroad company would only be liable for a willful or wanton injury, are not applicable and are properly refused, since a killing elsewhere than at the crossing could not, in any event, be recovered for.

4. SAME—*instruction by court confining recovery to case stated.* In such case an instruction, given by the court upon its own motion, that plaintiff could not recover, under the allegations of the declaration, for a killing elsewhere than upon the crossing, embodies the law of the case, and is proper.

*Baltimore and Ohio Railroad Co.* v. *Stanley,* 54 Ill. App. 215, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

E. R. JEWETT, for appellant:

The deceased, Robert Waade, being upon the right of way of the Illinois Central Railroad Company at a place other than a public crossing, and while there being struck and killed by an engine and train, cannot, under the pleadings, recover. *Austin* v. *Railroad Co.* 91 Ill. 35; *Railroad Co.* v. *Hall,* 72 id. 222; *Railroad Co.* v. *Hetherington,* 83

id. 510; *Railroad Co.* v. *Hammer,* 87 id. 529; *Railroad Co.* v. *Hart,* id. 534; *Railroad Co.* v. *Blanchard,* 126 id. 416.

By a line of cases from *Railroad Co.* v. *Still,* 19 Ill. 499, to *Railroad Co.* v. *Adler,* 129 id. 335, this court has apparently settled the rule concerning what due care and caution are, from a legal standpoint.

A railroad company, as to trespassers along its line, owes them no duty whatever to furnish a flagman or a watchman, or to ring a bell or blow a whistle to give notice of the approach of trains. *Roden* v. *Railroad Co.* 113 Ill. 72; *Railway Co.* v. *Eininger,* 114 id. 79; *Railroad Co.* v. *Godfrey,* 71 id. 500; *Railroad Co.* v. *Hetherington,* 83 id. 510.

There was no evidence to show that appellant caused the accident, and therefore the motion to take the case from the jury at the conclusion of the plaintiff's case was properly made and should have been granted. *Frazer* v. *Howe,* 106 Ill. 563; *Hubner* v. *Feige,* 90 id. 208; *Crowe* v. *People,* 92 id. 231; *Pennsylvania Co.* v. *Stoelke,* 104 id. 201; *Pullman* v. *Johnson,* 84 id. 269; *Railroad Co.* v. *Goodman,* 62 Pa. 329; *Tourtellott* v. *Rosebrook,* 11 Metc. 460; *Losee* v. *Buchanan,* 51 N. Y. 476; *McCully* v. *Clark,* 40 Pa. 399; *Abend* v. *Railroad Co.* 111 Ill. 202.

Jesse Cox, for appellee:

Where railroad companies cover a public street with a large number of tracks they must observe unusual care, and take extra precautions to avoid injury to persons passing along the street or sidewalk. *Railway Co.* v. *Johnsen,* 135 Ill. 649.

This court could not disturb the finding of the jury, even if inclined to the belief that the weight of evidence was with the defendant. *Railroad Co.* v. *Hillmer,* 72 Ill. 239.

The omission of a person approaching a railway crossing to look and listen for a coming train does not necessarily, and as a matter of law, constitute negligence. *Railroad Co.* v. *Cline,* 135 Ill. 49; *Railroad Co.* v. *Voelker,* 129

id. 540; *Pennsylvania Co.* v. *Kean,* 41 Ill. App. 317; *Railroad Co.* v. *Tilton,* 26 id. 362.

It cannot be said, as a matter of law, that a person approaching a place of danger must take a particular precaution or measure. *Railroad Co.* v. *Hutchinson,* 120 Ill. 587; *Railroad Co.* v. *Adler,* 129 id. 335 ; *Pennsylvania Co.* v. *Frana,* 112 id. 398.

Mr. Justice Carter delivered the opinion of the court:

This was an action brought by William M. Stanley, administrator of the estate of Robert Waade, deceased, against the Baltimore and Ohio Railroad Company, to recover damages arising from the death of Waade, caused, as alleged, by the negligence of the railroad company in running one of its trains over and across Sixty-seventh street, in the town of Hyde Park, on February 20, 1888, whereby the deceased, in walking on the highway over the tracks of the railroad, was struck by a passing train and killed. On the first trial of the cause the jury failed to agree, but on a second trial the plaintiff recovered a judgment for $5000, which, on appeal, was affirmed in the Appellate Court.

The refusal of the trial court to exclude the evidence from the jury and to direct a verdict for the defendant, upon motion of defendant's counsel, is regarded by this court as proper, under the rule laid down in *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 Ill. 59, *Pullman Palace Car Co.* v. *Laack,* 143 id. 242, *Purdy* v. *Hall,* 134 id. 298, and *Frazer* v. *Howe,* 106 id. 563. The court can not say that the evidence given at the trial, with all the inferences that could justifiably be drawn from it, is so insufficient to support a verdict for the plaintiff that the verdict returned should be set aside, and under the rule as found in the cases cited, it is only when such is the case that the court will be justified in excluding the evidence and directing a verdict for the defendant.

On February 20, 1888, when the accident occurred, there were six tracks which crossed Sixty-seventh street. These tracks were used by three different railroad companies,—the Illinois Central, the Michigan Central and the Baltimore and Ohio. On the night of the accident the Illinois Central South Chicago suburban train was due to pass Sixty-seventh street at 10:37, and the Baltimore and Ohio passenger train (which it is alleged killed the deceased) was due at 10:49, going east. The deceased, in company with one Julius Mann, came to the crossing from the west, going east. There were two freight trains on the tracks,—one going north and the other south. One Corcoran, with a team and wagon, had stopped at the west side of the crossing waiting for the tracks to be cleared, so he could cross over. The deceased and Mann saw Corcoran with his team waiting, but concluded they could cross the tracks, and started to do so. Mann succeeded in crossing the railroad in safety, but Waade was killed. It was alleged in the declaration that Waade was killed on the crossing, and evidence was introduced tending to prove that fact. On the other hand, it was contended by the railroad company that the deceased was killed on its right of way, some 800 feet south of Sixty-seventh street. No person saw the deceased at the time he was struck by the train, and hence the uncertainty in regard to the place where he was struck. The body was found 825 feet south of Sixty-seventh street, near the switchman's shanty. McCarthy, the switchman, testified that he met the deceased and Mann 350 feet north of his shanty, going south on the right of way. This was only a short time before the deceased was killed, and he was then, if this evidence was true, some 500 feet south of the crossing. The testimony of Julius Mann, Corcoran and Herman Mann conflicts with the testimony of McCarthy, the switchman, in this regard. Julius Mann, who was Waade's companion the night of the injury, testified that they passed onto

the crossing at Sixty-seventh street in front of the freight train coming north, and were about to cross another of the tracks to the east of this point, with Waade a few steps in front of Mann, when the train came from the north which is claimed to have struck Waade, and Waade disappeared. Corcoran and Herman Mann saw Julius Mann and the deceased enter upon the tracks at the Sixty-seventh street crossing. This controversy of fact as to the point where deceased was struck by the train has been determined adversely to the appellant by the jury and the Appellate Court, and it is not within our province to reverse their finding in this respect. *Lake Shore and Michigan Southern Railway Co.* v. *Richards, supra.*

The declaration alleges that Waade was struck and killed at the railroad crossing at Sixty-seventh street, and no allegation is contained in either count that he was injured at any other place. The jury were instructed as follows: "It is your duty to determine, from the evidence, where the deceased was when he was struck. The plaintiff alleges that the deceased was struck at Sixty-seventh street, while he was passing along Sixty-seventh street over and across the railroad tracks, and this is denied by the defendant company. Unless, from the evidence, you believe that deceased was struck by the engine of the defendant while deceased was passing along Sixty-seventh street over and across the railroad tracks, you must find the defendant not guilty,—or, in other words, if, from the evidence, you believe that the deceased was struck and killed by an engine of the defendant, and further believe, from the evidence, that deceased, when he was struck by such engine, was not passing along Sixty-seventh street, but was on the railroad track several hundred feet from Sixty-seventh street, then you must find that the evidence does not support the allegation of plaintiff that deceased was struck while passing along Sixty-seventh street, and that unless you find that that allegation has been proved you must find the de-

fendant not guilty." This instruction was given by the court on its own motion, and is complained of by the appellant because it was substituted by the court in the place of instructions asked to be given by appellant instructing the jury that the defendant company was not liable in case the jury found, from the evidence, that the deceased was struck and killed upon the right of way of the defendant at a place other than a public crossing. The instruction given by the court embodied the theory upon which the plaintiff claimed a right of recovery, and announced very clearly the law applicable to such theory, and directed the jury, in a plain, strong statement of the law, that plaintiff could not recover at all unless it was shown that it was at the public crossing where plaintiff's intestate was struck by defendant's train. The two instructions offered by defendant's counsel and refused by the court were predicated on the principle of law that a person who is or may be a trespasser on the tracks or right of way of a railroad company cannot recover unless it is shown by the testimony that the injury was willfully or wantonly inflicted. But in this case the claim of appellee limited the right of recovery to the injury received by Robert Waade at the public highway crossing, and instructions concerning the willful or wanton conduct of the defendant company at a place other than a public crossing were not applicable, and the refusal of the court to give them did not injure the company in its defense, and was not error. The instruction given was broader and stronger in its scope and effect for the company than those it asked the court to give, and the refusal to give which it is insisted was error.

Finding no error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*